## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| Sahlee Fe M. Felisan, | ) DOMESTIC CASE NO. CS0 346-10 |
| Plaintiff, | ) |
| vs. | ) FINDINGS AND RECOMMENDED |
| Roger C. Padios, | ) ORDER |
| Defendant. | ) |

## INTRODUCTION

This matter came before the court to establish back child support. The Plaintiff, Sahlee Fe M. Felisan, was present *pro se*. The Defendant, Roger C. Padios, was present with his Attorney Daniel S. Somerfleck. Assistant Attorney General, Randy Rutten, appeared on behalf of the Office of the Attorney General, Child Support Enforcement Division. Having reviewed the pleadings and the arguments presented, the court now issues the following Findings and Recommended Order.

## BACKGROUND

Sahlee Fe M. Felisan ("Sahlee") and Roger C. Padios ("Roger") are the parents of one minor child. On September 16, 2010, the Office of the Attorney General ("OAG") filed a complaint seeking child support from Roger for the minor child. On January 12, 2011, the court entered a permanent monthly child support order of $571.79. Sahlee seeks retroactive child support from the date of the parties' separation in December 2003. On March 27, 2013, the

*Felisan vs. Padios (CS0346-10)*
Findings and Recommended Order

Page 1 of 5

OAG submitted a Declaration of Arrears ("Declaration"). According to the Declaration, Roger owes Sahlee $15,350.18 in back child support.

## DISCUSSION

Roger argues that the use of the 2009 Guidelines ("Guidelines") retroactive to the parties' separation date is unjust and inequitable. He urges the court to apply the old guidelines to calculate the back child support due to Sahlee. In reply, the OAG asserts that all the arrears should be determined using the current child support guidelines which became effective on May 1, 2009.

As noted by the OAG, our Supreme Court has not addressed the issue before the court Therefore, the court will look to the law in the United States for guidance. The Government relies on *Crawley-Kinley v. Price*, 145 Ohio App.3d 285, 762 N.E.2d 1019 (Ohio App. 2000), which addressed issues identical to this case. In that case, the trial court completed child support worksheets each year from 1979 to 1992. The court then added the yearly child support amounts to calculate the father's child support arrearage. The trial court reasoned:

> "Old guidelines, now modified by the legislature are of little help, as they do not adequately chart the income levels present in this case, and would involve very small difference, if any, in the overall back support amount. The current support chart encompasses incomes up to $150,000 and is the best usable method to systematically determine child support of so many years ago, considering income and expense inflation and vague memories." *Id* at 289.

The appellate court held that the lower court did not error in applying the current guidelines to calculate back support for the years prior to the effective date of the current guidelines.

*Felisan vs. Padios (CS0346-10)*
Findings and Recommended Order

Similarly, in *Seegert v. Zietlow*, 642 N.E.2d 697 (Ohio App. 8 Dist. 1994), the court found no error when the referee calculated back child support owed every year since the child's birth and incorporated the use of worksheets for each year. *Id.* at 704-705.

In *Crawley-Kinley*, 145 Ohio App.3d 285, 762 N.E.2d 1019 (Ohio App. 2000), the court examined the language of Ohio's new guidelines and stated:

> We hold that the application of the R.C. 3113.215 child-support guidelines to calculate back support for years prior to the effective date of the statute does not violate the prohibition on retroactive laws. No new duty is created by applying the R.C. 3113.225 guidelines because a parent has the duty to support his or her child from birth independent of R.C.3113.215. There is no vested right to pay a certain amount of child support for any given year because, as discussed below, the trial court has discretion in setting the amount of child support. *Id.* at 1021.

Although Roger argues that the use of the current Guidelines to calculate his back child support is unfair, the overriding concern of the Guidelines is the best interests of the children of Guam. The OAG contends that any unfairness is offset by the fact that Roger has retained the use of his money for all the intervening years and interest has not been accruing. *See Persinger v. Miller*, unreported, 1993 WL 65750 (Ohio App. 2nd Dist.). The court agrees and finds that the 2009 Guidelines must be used to calculate Roger's back support obligation.

The next issue before the court is whether initial orders for back child support should be calculated every three years.

Roger relies upon 19 GAR §1207 which provides that a child support order may be reviewed and adjusted 36 months after the establishment of the initial order. See also 5 GCA §34118(f). The court finds that these reviews and adjustments apply only to already existing orders and do not apply to initial orders for back child support.

The *Crawley-Kinley* court addressed the yearly calculation of the back child support when there was no deviation factor or modification warranted. The court held that an order for

---

*Felisan vs. Padios* (CS0346-10)
Findings and Recommended Order

back child support in a parentage action is an initial support order and not an existing support order subject to modification. 762 N.E.2d at 1022-1023. See also *O'Neill v. O'Neill*, 1999 WL322710, (motions to modify child support apply to existing orders of support and not to initial orders). Additionally, in *O'Neill v. O'Neill*, 1999 WL322710, an unpublished opinion from Ohio cited in *Crawley-Kinley*, the court discussed the difference between initial support orders in parentage cases and modification of existing support orders. It distinguished the court's prior decision in *Seegert*:

> "[T]he trial court was not dealing with a modification but was establishing the initial support obligation. Therefore, at that time the parent seeking support would have no need to file a motion for modification of support based on an increase in the other parent's income, as the issue of support was not yet determined because paternity had just been established. This case did not deal with a fluctuation in income pending a modification of child support."

*O'Neill v. O'Neill*, 73407, 1999 WL 322710 (Ohio Ct. App. May 20, 1999)

It is interesting to note that as shown on the Declaration, only four out of the eight years, 2005, 2008, 2009, and 2011, showed a ten percent increase between the old child support amount and the new child support amount. Two out of those four years were before the enactment of the current Guidelines. In this case, the court has set the initial child support order and no prior support order has been made for the 2003 to 2010 time period. Accordingly, there was no existing support order to be modified. Therefore, the court concludes that back child support should be calculated on an annual basis.

The OAG's Declaration shows a total amount of $15,350.18 owed to Sahlee for past child support. Accordingly, the court finds that pursuant to 5 G.C.A. § 34105(a) (8), Sahlee is entitled to recover from Roger reimbursement of the cost of support for the child as set forth in the Declaration.

*Felisan vs. Padios (CS0346-10)*
Findings and Recommended Order

Page 4 of 5

## CONCLUSION

Based on the foregoing, the Plaintiff's request to establish back support is GRANTED. The amount of $15,350.18 is reduced to judgment as of February 2013, with interest to accrue at the rate of six percent per annum.

SO ORDERED this ___/___ day of July 2013.

HONORABLE LINDA L. INGLES
Referee, Superior Court of Guam

I hereby certify that the foregoing is a true and correct copy of the original on file in the office of the Superior Court of Guam.

JUL 02 2013

Charlene T. Santos
Deputy Clerk, Superior Court of Guam

*Felisan vs. Padios* (CS0346-10)
Findings and Recommended Order